Helen COVER, Plaintiff,

v.

WAL–MART STORES, INC., Defendant.

No. 92–288–CIV–FTM–17D.

United States District Court,
M.D. Florida,
Ft. Myers Division.

Feb. 8, 1993.

Paul E. Liles, O'Halloran, Johnson & Waltemyer, Ft. Myers, FL, Philip N. Sherwin, Cape Coral, FL, J. Michael Hussey, O'Halloran, Johnson, Waltemyer & Hussey, Ft. Myers, FL, for plaintiff.

Jane Runkle Lane, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Ft. Myers, FL, for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

KOVACHEVICH, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment, filed December 10, 1992, and Plaintiff's response thereto, filed January 8, 1993. The motion is considered pursuant to Rule 56(c), Fed.R.Civ.P.

### STATEMENT OF FACTS

The plaintiff, Helen Cover, (Cover), filed this action for damages after sustaining injuries during a fall at the premises of defendant, Wal–Mart Stores, Inc., (Wal–Mart), on March 26, 1992. Cover had gone to Wal–Mart to purchase potting soil and mulch. Cover obtained a shopping cart inside the store and pushed it to the flower shop area located outside the main building. She asked a cashier in the flower shop, where the potting soil was located. The cashier stated: "You will have to get it outside." Cover exited the flower shop through an opening which led to the parking area where the potting soil and mulch were located. While pushing the shopping cart to pick up the potting soil and mulch, Cover observed a large piece of broken cement in her travel path and was able to steer her empty shopping cart around it. Cover loaded one 40 pound bag of potting soil and two 5 to 6 pound bags of mulch into the bottom of the large basket section of the shopping cart. As the shopping cart

felt "rickety" or unstable when loaded, Cover maintained a tight grip on the handle to keep the shopping cart steady. While pushing the shopping cart back toward the ramp leading to the flower shop, Cover attempted to avoid both the debris she previously observed and which she felt lay in her travel path and cars driving nearby. When Cover got close to the ramp back into the flower shop, she felt the front wheel of her shopping cart catch, causing the shopping cart to become more unstable. Although Cover tried to control the shopping cart, it tipped over and caused Cover to fall onto her right hip. The shopping cart and its contents fell on top of Cover. She acknowledges that, neither before nor after the accident, was she able to ascertain what, if anything, the shopping cart hit. There were no witnesses to the accident. However, June Milam, who was nearby, heard Cover fall and came to her assistance.

■ Defendant moves for Summary Judgment under the Florida Rules of Civil Procedure. In *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Supreme Court provided that, in diversity actions, federal courts must apply state substantive rules of law and federal procedural law. Since a Motion for Summary Judgment is a procedural matter, it is governed here by the Federal Rules of Civil Procedure.

■ In *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), the United States Supreme Court set forth the standards of review to be used in granting a Motion for Summary Judgment. A party seeking summary judgment on an issue, for which the nonmoving party bears the burden at trial, must first identify those portions of the record then before the court which "it believes demonstrates the absence of a genuine issue of material fact." 477 U.S. at 323, 106 S.Ct. at 2553. Having made this initial showing, the burden of proof then shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322, 106 S.Ct. at 2552.

In other words, the nonmoving party would then have to demonstrate that there is a genuine issue as to one or more facts, where those facts form an essential element of the nonmovant's case. Furthermore, "the substantive law will determine which facts are material." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ It is axiomatic in Florida that proof of causation is an essential element of negligence. Defendant contends that the undisputed facts show conclusively that Plaintiff will be unable to prove that any negligence of Defendant was the proximate cause of her injuries. This Court agrees. No evidence is contained within this file, which if put before a jury, could possibly establish that negligence of Defendant was the cause of Cover's injuries.

Plaintiff contends that the shopping cart was not fit for its intended purpose; yet no evidence is presented which will prove that this contention, even if true, caused the Plaintiff to fall and sustain her injuries. Cover testifies specifically that there was nothing wrong with the cart before she loaded it. She testifies further that although it seemed unstable after loading, she proceeded anxiously through an area of alleged debris and moving vehicles. When the shopping cart began to fall, she related holding on to it tightly, but admitted that she should have let go. Viewing all of the evidence in a light most favorable to Ms. Cover, it is the opinion of this Court that no reasonable jury could find that any lack of fitness of the shopping cart was the cause of Plaintiff's injuries.

Plaintiff further contends that Wal–Mart failed to maintain its premises in a reasonably safe condition. Again, even if true, there is no evidence that such negligence caused her injuries. Cover assumes that the piece of concrete she had seen earlier was the obstruction which caused the shopping cart to tip over. However, she readily admits that this assumption has no basis in provable fact. She testified several times during her deposition that she does not know what her shopping cart hit. She admits that she did not see any alleged

object immediately before the cart toppled, nor was its presence verified by Cover herself, or any other witness, after she fell. A finding by a jury that the Defendant's failure to maintain its premises in a reasonably safe condition was the proximate cause of Plaintiff's fall would entail nothing short of pure guesswork.

Because there can be no showing of negligence on the part of this Defendant, and because the mere occurrence of an accident cannot, without more, give rise to a finding of negligence, *Cassel v. Price*, 396 So.2d 258, 264 (Fla. 1st DCA 1981), Defendant is entitled to Final Summary Judgment as a matter of law. Accordingly, it is OR-DERED that Defendant's Motion for Summary Judgment be GRANTED; and the Clerk of the Court be DIRECTED to enter judgment for Wal–Mart Stores, Inc. pursuant to this order.

DONE AND ORDERED in Chambers, in Tampa, Florida, this 8th day of February, 1993.