**Helen COVER, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. 92–288–CIV–FTM–17.**

United States District Court,
M.D. Florida,
Fort Myers Division.

April 15, 1993.

---

Paul E. Liles, J. Michael Hussey, O'Halloran, Johnson, Waltemyer & Hussey, Ft. Myers, FL, and Philip N. Sherwin, Cape Coral, FL, for plaintiff.

Jane Runkle Lane, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Ft. Myers, FL, for defendant.

### *ORDER*

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's timely motion for rehearing, filed February 19, 1993, and Defendant's response thereto, filed February 24, 1993. The motion is considered pursuant to Rule 59(a)(2) and (e), Fed.R.Civ.P.

Plaintiff requests that the Court vacate its order granting summary judgment for the defendant. 812 F.Supp. 1215. In support of the motion, the plaintiff offers only the bare conclusion that this Court misapplied the facts and the law.

In *All Hawaii Tours, Corp. v. Polynesian Cultural Center,* 116 F.R.D. 645 (D.Hawaii 1987), rev'd in part on other grounds, 855 F.2d 860, the court states:

A litigant may move the court to reconsider a grant of summary judgment pursuant

to Rule 59(e) or Rule 60(b). However, to avoid being frivolous, such a motion must provide valid grounds for reconsideration. *See MGIC Indemnity Corp. v. Weisman,* 803 F.2d 500, 505 (9th Cir.1986).

A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Kern–Tulare Water Dist. v. City of Bakersfield,* 634 F.Supp. 656, 665 (E.D.Cal.1986); *see also Major v. Benton,* 647 F.2d 110, 112 (10th Cir.1981).

\* \* \* \* \* \*

The main thrust of plaintiff's motion to alter or amend was that this court had made both factual and legal errors and mistakes, and therefore should reverse its decision. In this circuit, a motion for reconsideration may be brought on the basis of judicial mistakes, as well as mistakes of a party or his counsel. *Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982). However, a motion for reconsideration that presents no arguments that have not already been raised in opposition to summary judgment should be denied. *Backlund v. Barnhart,* 778 F.2d 1386, 1388 (9th Cir.1985); *see Bronson v. Swinney,* 648 F.Supp. 1094, 1102–03 (D.Nev.1986).

Plaintiff has failed to establish any basis on which this Court should reconsider its previous order. Accordingly, it is

**ORDERED** that the motion for rehearing (Docket No. 25) be **denied.**

**DONE and ORDERED.**