Carol LEONARD, Plaintiff,

v.

Michael J. ASTRUE,[1] Commissioner of the Social Security Administration, Defendant.

No. 2:05CV499 FTM34SPC.

United States District Court, M.D. Florida, Fort Myers Division.

March 30, 2007.

Order Denying Motion to Alter or Amend May 1, 2007.

1. Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Carol Ann Avard, Avard Law Offices, PA, Cape Coral, FL, for Plaintiff.

Susan R. Waldron, U.S. Attorney's Office, Middle District of Florida, Tampa, FL, for Defendant.

## JUDGMENT IN A CIVIL CASE

HOWARD, District Judge.

**IT IS ORDERED AND ADJUDGED** that pursuant to the Court's Order entered March 30th, 2007, the decision of the Commissioner of Social Security is reversed and remanded with instructions: (1) resolve the conflict between the DOT and VE's testimony in accordance with SSR 00–4p; (2) reconsider whether Plaintiff is capable of performing her past relevant work; and, (3) conduct any other proceedings deemed appropriate.

### *ORDER*

THIS CAUSE is before the Court on Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Dkt. No. 21; Report and Recommendation), entered February 14, 2007, recommending that the Commissioner of Social Security's (the Commissioner) decision be affirmed. On February 26, 2007, Plaintiff filed objections to the Report and Recommendation. *See* Plaintiff's Objections to the Report and Recommendation (Dkt. No. 22; Objections). The Commissioner then filed a response to the Objections on March 12, 2007. *See* Defendant's Response to Plaintiff's Objections to the Report and Recommendation (Dkt. No. 23).

■ The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If specific objections to findings of facts are timely filed, the district court will conduct a *de novo* review of those facts. *Id.; LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988).

■ The Commissioner's final decision may be reviewed by a district court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). It is well established, however, that review is limited to "whether there is substantial evidence to support the findings of the Commissioner, and whether the correct legal standards were applied." *Wilson v. Barnhart,* 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam); *see also Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir.2005) (per curiam); *Ellison v. Barnhart,* 355 F.3d 1272, 1275 (11th Cir.2003) (per curiam). Review does not include "deciding

the facts anew, making credibility determinations, or re-weighing the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir.2005) (per curiam); *see also Dyer*, 395 F.3d at 1210.

This appeal concerns Plaintiff's second application for Disability Insurance Benefits (DIB), filed February 4, 2002, in which she claims a disability onset date of November 11, 1997. *See* Transcript of Administrative Proceedings (Dkt. No. 11; Tr. 1) at 17. The application was denied initially and on reconsideration. *See id.* Then, at Plaintiff's request, on April 7, 2004, a hearing was held before an Administrative Law Judge (ALJ). *See id.* at 550–81. On July 28, 2004, the ALJ issued a decision denying Plaintiff benefits and finding that Plaintiff could return to her past relevant work as a telemarketer. *See id.* at 17–29. The Appeals Council (AC) declined to review the ALJ's decision, *see id.* at 6–8, and Plaintiff filed the instant appeal.

Prior to filing the application currently on appeal, Plaintiff had filed an application for DIB on June 3, 1996, which was denied initially and on reconsideration. *See* Supplemental Transcript of Administrative Proceedings (Dkt. No. 20; Tr. 2) at 585. After a hearing was held on July 29, 1997,

an ALJ denied Plaintiff's 1996 application on November 10, 1997, finding Plaintiff could return to her past relevant work as a telemarketer. *See id.* at 597–98, 604. The AC denied review of that decision, and Plaintiff did not seek further appeal. *See* Tr. 1 at 17.[2]

Plaintiff's overarching argument in this appeal is that the prior ALJ's determination, that Plaintiff's telemarketing experience constitutes past relevant work, was incorrect and "corrupted" the current ALJ's decision. *See* Objections at 3. In particular, Plaintiff now asserts that the Magistrate Judge erred because her decision ignored the merits of Plaintiff's arguments and instead upheld the current ALJ's decision based on deference to the prior ALJ's decision and due to Plaintiff's failure to raise the past relevant work issue to the current ALJ. *See id.* at 9–14. However, the Court finds that Plaintiff has mischaracterized the Magistrate Judge's basis for upholding the current ALJ's decision. While the Magistrate Judge did note that Plaintiff's failure to raise the telemarketing issue to the current ALJ gave the ALJ no reason to probe further into that issue, *see* Report and Recommendation at 16, the Magistrate Judge's Recommendation is not premised solely on Plain-

---

**2.** Although not raised to the Magistrate Judge, the undersigned, in its discretion, *see Stephens v. Tolbert*, 471 F.3d 1173, 1177 (11th Cir. 2006) (per curiam), will quickly address Plaintiff's claim that she is disadvantaged in the instant case because she was not represented by an attorney during her 1996 application process, *see* Objections at 7. Plaintiff cites to *Brown v. Shalala*, 44 F.3d 931 (11th Cir.1995) (per curiam), *Jones v. Massanari*, No. 01–C–0024–C, 2001 WL 34382025 (W.D.Wis. Oct.18, 2001), and *Meroki v. Halter*, No. 00 C 2696, 2001 WL 668951 (N.D.Ill. June 14, 2001), in support of this assertion. *See id.* at 7–9. However, each of these cases concern whether the plaintiff was adequately represented during the hearing being appealed, *see Brown*, 44 F.3d at 935; *Jones*, 2001

WL 34382025, at *8; *Meroki*, 2001 WL 668951, at *5, and therefore, the Court finds them inapplicable to the case at hand. Further, upon the Court's inspection of the record, it appears that, while her attorney may not have attended the 1997 hearing with Plaintiff, Plaintiff had competent representation during that hearing, *see* Tr. 2 at 604, 635, and was otherwise represented by an attorney during the first application process, including through a request for the AC to review the ALJ's 1997 decision, *see* Tr. 1 at 288; Tr. 2 at 634. Thus, Plaintiff's assertion that "the inability of her representative to file a complaint in District Court had a chilling effect on her decision not to appeal," Objections at 7, is not well taken.

tiff's failure to raise this issue or on the prior ALJ's determination that Plaintiff's telemarketing experience constituted past relevant work. Rather, the Magistrate Judge addressed Plaintiff's arguments on the merits and evaluated the evidence to determine whether substantial evidence supported the current ALJ's conclusion that Plaintiff's telemarketing experience constituted past relevant work which Plaintiff retained the ability to perform. *See id.* at 15–16.

■ Upon review of the record, the Magistrate Judge found that Plaintiff's testimony from the 1997 hearing provided substantial evidence to support the current ALJ's decision that Plaintiff's past relevant work included telemarketing. *See id.* at 15. When questioned by the prior ALJ regarding work she performed within the past 15 years, Plaintiff testified that she had approximately 24 months total experience in different telephone sales positions. *See* Tr. 2 at 612. Later in the hearing, while questioning the Vocational Expert (VE), the ALJ stated that Plaintiff's employment as a telephone solicitor "would constitute substantial gainful activity and thus past relevant work." *Id.* at 630. Plaintiff did not challenge this conclusion either during the hearing or after the decision was entered. *Id.* at 630–33. The VE next described the skills and physical requirements of the job, before expressing the opinion that Plaintiff could return to her past relevant work in a telephone solicitor position. *Id.* at 631–32. Again, despite an opportunity to cross-examine the VE, Plaintiff made no effort to present evidence to the contrary. *Id.* at 632. The undersigned finds that this evidence provided substantial evidence upon which the current ALJ could conclude that Plaintiff's telemarketing experience should be considered substantial gainful activity and classified as past relevant work. *See* 20 C.F.R. § 404.1560(b)(1).

■ The Court further notes that it was not error for the ALJ to consider the evidence from Plaintiff's prior application despite the fact that Plaintiff did not acknowledge her past work in the telemarketing field in the current application. Plaintiff was specifically advised by the current ALJ that he intended to consider evidence from her 1992 application. Tr. 1 at 553. Moreover, although ALJ's conduct an independent review of an applicant's alleged disabilities, they may certainly consider evidence from any prior decisions and hearings. *See* 20 C.F.R. §§ 404.900(b), 404.1520(a)(3) (stating that all evidence of record will be considered by the ALJ); *Naudain v. Apfel,* 119 F.Supp.2d 812, 818 (C.D.Ill.2000) ("[A]n ALJ may properly rely upon evidence presented at a prior hearing in making his determination."); *see also Wolfe v. Chater,* 86 F.3d 1072, 1079 (11th Cir.1996) (finding the ALJ's review of conflicting testimony from two prior hearings appropriate); *Banks v. Barnhart,* 434 F.Supp.2d 800, 808 (C.D.Cal.2006) (noting that the ALJ relied on vocational expert testimony from a prior hearing).

In this case, during the 2004 hearing, the current ALJ made note of the first decision and stated that he was going to consider the prior file. *See* Tr. 2 at 553. Additionally, Plaintiff was well aware of the prior ALJ's conclusion that her telemarketing experience constituted past relevant work as his finding that Plaintiff could perform that work provided the basis of the prior ALJ's decision to deny benefits. Thus, to the extent Plaintiff believed her telemarketing experience should not be considered past relevant work in the current application, she should have alerted the current ALJ to this fact. Without doing so, the undersigned agrees with the Magistrate Judge's comment that the current ALJ had no basis from which to conclude that he should probe further

into Plaintiff's experience as a telemarketer.[3]

Plaintiff also asserts that the Magistrate Judge incorrectly stated that she was challenging the current ALJ's assessment of her residual functional capacity (RFC). *See* Objection at 14; *see also* Report and Recommendation at 19. Plaintiff notes that she never disputed the ALJ's RFC assessment, but, instead, contended that the limitations the ALJ included in the RFC prevented her from returning to her past work as a telemarketer. *See* Objections at 14. Moreover, Plaintiff contends that the Magistrate Judge erred in upholding the ALJ's determination that, despite Plaintiff's limitations to simple, repetitive tasks and work that does not require extended concentration or attention, Plaintiff is able to meet the demands of a telemarketing job. *See id.* at 14–15. Specifically, Plaintiff maintains that a limitation to "simple, repetitive tasks" precludes her from performing work as a telemarketer because the *Dictionary of Occupational Titles (DOT)* lists the telemarketer position as having a reasoning level of three.[4]

*See* Objections at 16. In support of her position, Plaintiff contends that the Magistrate Judge's reliance on *Jones v. Apfel,* 190 F.3d 1224, 1229–30 (11th Cir.1999), for the proposition that the VE's testimony "trumps" the *DOT,* is faulty because SSR 00–4p, which was issued after the *Jones* decision requires the ALJ to elicit a "reasonable explanation" for a conflict between VE testimony and the *DOT. See* Objections at 16.

■■ The Court notes that the Magistrate Judge is correct that, in *Jones,* the Eleventh Circuit held that a VE's testimony "trumps" the *DOT* when they conflict. *See Jones,* 190 F.3d at 1229–30. However, as noted above, the *Jones* decision was issued prior to the Social Security Administration's publication of SSR 00–4p.[5] *See generally Jones;* SSR 00–4p. In SSR 00–4p, the Social Security Administration recognized that the VE's testimony should generally be consistent with the information contained in the *DOT. See* SSR 00–4p. Accordingly, when an apparent conflict between the two arises, the SSR directs that the ALJ "must elicit a reasonable explana-

---

**3.** Plaintiff contends that she could not raise the telemarketing issue to the current ALJ because it would have been considered a request to reopen. *See* Objections at 11. However, the Court notes that, to the extent Plaintiff presented evidence for the ALJ to consider whether her prior telemarketing experience constituted past relevant work for the time period at issue in the current application or whether she retained the ability to perform such work, this would not be a request to reopen. Indeed, as with any DIB application, the ALJ had to determine, for the relevant disability period, whether Plaintiff's prior experience should be considered past relevant work and whether, in light of Plaintiff's assigned residual functional capacity, Plaintiff could return to that past relevant work. *See* 20 C.F.R. §§ 404.1505(a), 404.1520(a), (f). Thus, although the current ALJ had a duty to develop a full and fair record, Plaintiff bore the burden of demonstrating that she could not return to her past relevant work. *See*

*Schnorr v. Bowen,* 816 F.2d 578, 581 (11th Cir.1987).

**4.** A reasoning level of 3 means that the individual can "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed.2000), App. C § III.

**5.** The Commissioner issued SSR 00–4p on December 4, 2000. *See* SSR 00–4p. Neither Plaintiff nor the Commissioner referenced this issue in the memoranda filed before the Magistrate Judge. *See generally* Plaintiff's Memorandum (Dkt. No. 17); Memorandum in Support of the Commissioner's Decision (Dkt. No. 18). Accordingly, the Magistrate Judge did not have the opportunity to consider the impact of SSR 00–49 on the ALJ's decision.

tion for the conflict before relying on the VE['s testimony]." *Id.* Moreover, the ALJ is obligated to inquire on the record as to whether there are any inconsistencies between a VE's testimony and the *DOT. See id.* In addition, before the ALJ can rely on the VE's testimony as substantial evidence for his or her determination, he or she must resolve any conflict between the VE's testimony and the *DOT. See id.* SSR 00–4p provides that "[t]he adjudicator will explain in the determination or decision how he or she resolved the apparent conflict." *Id.* It also indicates that "[t]he adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified." *Id.*

■ The Eleventh Circuit has not addressed SSR 00–4p. *See Estrada v. Barnhart,* 417 F.Supp.2d 1299, 1303 (M.D.Fla. 2006). Nevertheless, "Social Security Rulings are agency rulings 'published under the authority of the Commissioner of Social Security and are binding on all components of the Administration.'" *See Sullivan v. Zebley,* 493 U.S. 521, 531 n. 9, 110 S.Ct. 885, 891 n. 9, 107 L.Ed.2d 967 (1990) (quoting 20 C.F.R. § 422.408) (1989). Moreover, other courts have interpreted SSR 00–4p to require an ALJ to elicit a "reasonable explanation" for a conflict between a VE's testimony and the *DOT. See Hackett v. Barnhart,* 395 F.3d 1168, 1174– 75 (10th Cir.2005); *Rutherford v. Barnhart,* 399 F.3d 546, 557 (3d. Cir.2005); *Estrada,* 417 F.Supp.2d at 1303–04; *Mendez v. Barnhart,* No. 05 Civ. 10568(SHS), 2007 WL 186800, at *13–14 (S.D.N.Y.2007). Accordingly, the Court finds that, pursuant to SSR 00–4p, when a conflict exists between a VE's testimony and the *DOT,* an ALJ must elicit a reasonable explanation for the conflict and his or her failure to do so can constitute reversible error.

■ In accordance with the foregoing, the Court must first consider whether a conflict exists in the instant case between the VE's testimony and the *DOT.* At the July 29, 1997 hearing, the VE indicated that Plaintiff was capable of performing her past work as a telemarketer despite the ALJ's inclusion of the limitation that Plaintiff could only perform simple, routine, repetitive tasks. *See* Tr. 2 at 631–32. While the VE initially classified the job of a telemarketer as a semi-skilled position, she later clarified that the position "is borderline unskilled to semi-skilled with an SVP of 3." *See id.* at 630, 632. As noted by Plaintiff, the *DOT* classifies the job of a telemarketer (*DOT* 299.357–014) as having a reasoning level of three, defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." Dictionary of Occupation Titles (U.S. Dep't of Labor 4th ed.2000), App. C § III. A job that is rated as having a reasoning level of one requires the ability to "[a]pply commonsense understanding to carry out simple one- or twostep instructions", and a job that is rated as having a reasoning level of two requires the ability "[a]pply commonsense understanding to carry out *detailed* but uninvolved written or oral instructions." *See id.* (emphasis added); *Estrada,* 417 F.Supp.2d at 1302. It is unclear whether the ALJ's assessment that Plaintiff is limited to performing "simple, repetitive tasks" would support a conclusion that Plaintiff is capable of performing a position with a reasoning level of two. However, it is evident that the VE's testimony that Plaintiff, who the ALJ limited to performing "simple, repetitive tasks," could return to her past work as a telemarketer conflicts with the reasoning level of three provided by the *DOT* for the position of a telemarketer. *See Pritchett v. Astrue,* No. 06–5130, 2007 WL 867182, at *2 (10th Cir. March 23, 2007) (remanding case to ALJ

due to apparent conflict between VE's assessment that Plaintiff who was limited to "simple, repetitive and routine work" could return to her past work and DOT's classification of past work as requiring a reasoning level of three); *Carter v. Barnhart,* No. 05–38–B–W, 2005 WL 3263936, at \*2–3 (D.Me.2005) (remanding case, pursuant to SSR 00–4p, because the apparent conflict between ALJ's limitation of "simple, repetitive tasks" and DOT's assignment of a reasoning level of three to a job that VE testified plaintiff was capable of performing required the ALJ to question VE regarding the conflict). Accordingly, the ALJ was obligated to comply with the requirements of SSR 00–4p before relying on the VE's testimony.

The Court must next address whether, as required by SSR 00–4p, the ALJ "elicit[ed] a reasonable explanation for the conflict before relying on the VE['s] testimony" that Plaintiff could return to her past work as a telemarketer. Notably, SSR 00–4p was not in effect at the time of the July 29, 1997 hearing.[6] *See* SSR 00–4p; Tr. 2 at 604. Thus, the ALJ was not under an obligation to elicit a reasonable explanation for a conflict between the VE's testimony and the *DOT*. However, by the time of the April 7, 2004 hearing and July 28, 2004 decision, SSR 00–4p was in effect. *See* SSR 00–4p; Tr. 1 at 29, 550. Nevertheless, the ALJ did not elicit testimony from a VE at the second hearing and, instead, chose to rely on the VE's testimony from the first hearing. *See* Tr. 1 at 27. Despite the unique circumstances of the timeline that occurred in the instant case, the ALJ was obligated to comply with the requirements of SSR 00–4p at the second hearing before relying on the prior testimony of the VE.

Upon review of the VE's testimony from the first hearing, the Court finds that the ALJ failed to "elicit a reasonable explanation" for the apparent conflict between the VE's testimony that Plaintiff could return to her past work as a telemarketer and the *DOT*'s assignment of a reasoning level of three to this position. *See* SSR 00–4p. While the ALJ did ask the VE whether Plaintiff could perform her past work as a telemarketer if she was limited to performing "simple, routine, repetitive tasks," the ALJ did not acknowledge the apparent conflict between the VE's testimony and the *DOT*. *See* Tr. 2 at 631–32. Moreover, while the Court recognizes that the VE could have relied on her experience and observations in concluding that Plaintiff could still perform her past work as a telemarketer despite the *DOT*'s assignment of a reasoning level of three to this position, the Court finds that such a conclusion would be mere speculation. The Court cannot determine, with any certainty, based upon the record before it that the VE would have made such a finding. Thus, the Court finds that this case should be remanded to the ALJ in order to enable the ALJ to resolve the conflict between the *DOT* and the VE's testimony pursuant to SSR 00–4p. Accordingly, after conducting an independent examination of the record and Plaintiff's Objections and upon *de novo* review, the undersigned will adopt, in part, and reject, in part, the Magistrate Judge's Report and Recommendation.

In light of the foregoing, it is hereby **ORDERED:**

1) Plaintiff's Objections to the Report and Recommendation (Dkt. No. 22) are **OVERRULED**, in part, and **SUSTAINED**, in part.

---

**6.** The effective date of SSR 00–4p is December 4, 2000, the date of its publication. *See* SSR 00–4p.

2) The Magistrate Judge's Report and Recommendation (Dkt. No. 21) is **ADOPTED**, in part, and, **REJECTED**, in part. The Report and Recommendation is **REJECTED** with respect to the Magistrate Judge's determination that the VE's testimony "trumps" the *DOT*. In all other respects, the Report and Recommendation is **ADOPTED** as the opinion of this Court.

3) The Clerk of the Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) REVERSING the Commissioner's decision and **REMANDING** this matter with instructions to: (1) resolve the conflict between the *DOT* and the VE's testimony in accordance with SSR 00–4p; (2) reconsider whether Plaintiff is capable of performing her past relevant work; and (3) conduct any other proceedings deemed appropriate.

**DONE AND ORDERED.**

### *ORDER ON MOTION*

**THIS CAUSE** is before the Court on Defendant's Motion and Memorandum in Support of his Motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to Alter or Amend the Court's Judgment (Dkt. No. 26; Motion), which was filed on April 12, 2007. Plaintiff has filed a response in opposition to the Motion. *See* Plaintiff's Response in Opposition to Defendant's Motion to Alter Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Dkt. No. 27; Response), filed April 16, 2007.

Rule 59(e), Federal Rules of Civil Procedure (Rule(s)), provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." In the instant case, the Court entered its Order and Judgment reversing the Commissioner's decision and remanding the instant matter on March 30, 2007. *See* Order (Dkt. No. 24; March 30 Order); Judgment (Dkt. No. 25; Judgment). Be-

cause the instant Motion was filed before April 13, 2007, the Motion is timely.

 A motion filed pursuant to Rule 59(e) "questions the substantive correctness of the court's judgment" and "essentially asks a district court to correct errors of law." *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Ga., Inc.,* 755 F.Supp. 1055, 1057 (S.D.Ga.1990). Courts have recognized three grounds upon which a party may obtain reconsideration of a court order or judgment: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Lamar Adver. of Mobile, Inc. v. City of Lakeland, Fla.,* 189 F.R.D. 480, 489 (M.D.Fla.1999); *see also United States v. Battle,* 272 F.Supp.2d 1354, 1357 (N.D.Ga. 2003); *Sussman v. Salem, Saxon & Nielsen, P.A.,* 153 F.R.D. 689, 694 (M.D.Fla. 1994).

 Generally, in order to obtain reconsideration, the movant must show "why the court should reconsider its decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Battle,* 272 F.Supp.2d at 1357 (quoting *Cover v. Wal-Mart Stores, Inc.,* 148 F.R.D. 294, 294 (M.D.Fla.1993)). However, the movant should not use a motion for reconsideration to raise new arguments that could have been made earlier. *See Battle,* 272 F.Supp.2d at 1357. While a party may seek to correct clear errors in a motion for reconsideration, "[a]n error is not 'clear and obvious' if the legal issues are 'at least arguable.'" *Id.* at 1357–58 (quoting *American Home Assurance Co. v. Glenn Estess & Associates, Inc.,* 763 F.2d 1237, 1239 (11th Cir.1985)). Moreover, while the trial court is vested with substantial discretion in granting such relief, reconsideration is an extraordinary remedy, which is

to be used sparingly. *See id.* at 1358; *Lamar Advertising of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. at 489; *Sussman,* 153 F.R.D. at 694.

 In the instant case, Defendant contends that the Court clearly erred in its March 30 Order and Judgement when it determined that the Vocational Expert's (VE) testimony conflicted with the description for the position of telemarketer set forth in the *Dictionary of Occupational Titles (DOT). See generally* Motion. Specifically, the Court found that the VE's testimony that Plaintiff, who the ALJ limited to performing "simple, repetitive tasks", could return to her past work as a telemarketer conflicted with the reasoning level of three provided by the *DOT. See* March 30 Order at 9. The Court noted that, given the conflict between the VE's testimony and the *DOT*, the ALJ was required, pursuant to SSR 00–4p, to elicit a reasonable explanation for the conflict before he could rely on the VE's testimony. *See id.* at 8–9; *see also* SSR 00–4p. After finding that the ALJ failed to elicit a reasonable explanation for the conflict from the VE at the first hearing, the Court reversed the Commissioner's decision and remanded this matter with instructions to the ALJ to resolve the conflict between the *DOT* and the VE's testimony in accordance with SSR 00–4p and to reconsider whether Plaintiff is capable of performing her past relevant work as a telemarketer. *See id.* at 10–12.

Defendant argues that no conflict exists between the VE's testimony that Plaintiff could return to her past relevant work as a telemarketer and the *DOT*'s assessment of a reasoning level of three for the position of a telemarketer. *See* Motion at 2–4. Defendant notes that the Court did not recognize that the reasoning level for a job is a component of the general educational level (GED) scale contained in the *DOT. See id.* at 3. Given the context in which the reasoning level appears in the *DOT*, Defendant contends that a job's reasoning level relates to the education level needed to perform a job and not the work requirements of a job. *See id.* Thus, Defendant argues that the Court erred by finding that a conflict existed between the VE's testimony and the GED reasoning level in the *DOT* because "the ALJ's finding that Plaintiff was limited to simple, repetitive tasks had nothing to do with Plaintiff's educational development." *See id.* at 4. Defendant also notes that cases cited by the Court which equate the GED scales with specific work requirements of jobs do not mention the *DOT*'s definition of GED. *See id.* at 5. Finally, Defendant maintains that the record establishes that Plaintiff had the educational level required to perform the job of a telemarketer. *See id.* at 4, 6.

As noted by Defendant, reasoning levels are a component of the General Educational Development (GED) scale used in the *DOT. See* Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed.2000), App. C § III. The *DOT* states that:

> General Educational Development embraces those aspects of education (formal and informal) which are required of the worker for satisfactory job performance. This is education of a general nature which does not have a recognized, fairly specific occupational objective. Ordinarily, such education is obtained in elementary school, high school, or college. However, it may be obtained from experience and self-study.

*See id.* Notably, while Defendant contends that the GED's reasoning level merely relates to the educational level needed to perform a job, *see* Motion at 3, several courts have found that the GED's reasoning level does, in fact, pertain to the work requirements of a job and thus, is relevant where an ALJ limits a plaintiff to

the performance of simple and/or repetitive tasks. *See Estrada v. Barnhart,* 417 F.Supp.2d 1299, 1302 n. 3 (M.D.Fla.2006) (finding, upon review of the *DOT*'s description of Specific Vocational Preparation (SVP) and GED, that the GED reasoning level pertains to "the complexity of a job" and, thus, is relevant when an ALJ limits a Plaintiff to performing a job that involves only simple tasks); *Mead v. Barnhart,* No. Civ.04–139–JD, 2004 WL 2580744, at *2 (D.N.H.2004) (finding that the GED requirements are more pertinent than the SVP levels in determining the complexity of a job and a GED reasoning level of 2 or higher assumes that a plaintiff is able to perform more than simple or repetitive tasks); *Cooper v. Barnhart,* No. 03–CV–665–J, 2004 WL 2381515, at *4 (N.D.Okla.2004) (finding that the GED's reasoning level is relevant to a limitation to performing only simple tasks and not the SVP level which "speaks to the issue of the level of vocational preparation necessary to perform [a] job"); *Hall–Grover v. Barnhart,* No. 03–239–P–C, 2004 WL 1529283, at *4 (D.Me.2004) (stating that "SVP ratings speak to the issue of the level of vocational preparation necessary to perform the job, not directly to the issue of a job's simplicity, which appears to be more squarely addressed by the GED ratings."); *Allen v. Barnhart,* No. C–02–3315 EDL, 2003 WL 22159050, at * 10 (N.D.Cal. 2003) (noting that reasoning level of two, which "reflect[s] education obtained in elementary school, high school, or college", exceeded the ALJ's limitation of plaintiff to "simple, routine tasks."). Moreover, the Court notes that it has reviewed several cases in which courts have acknowledged that reasoning levels are a component of GED, but, nevertheless, ordered remand, pursuant to SSR 00–4p, based upon the ALJ's failure to elicit a reasonable explanation from a VE regarding an apparent conflict between the VE's testimony that a plaintiff, who was limited to performing simple and repetitive tasks, could perform a job that the *DOT* classified as either requiring a reasoning level of two or three. *See e.g. Estrada,* 417 F.Supp.2d at 1302–04; *Mead,* 2004 WL 2580744, at *2–3; *Carter v. Barnhart,* No. 05–38–B–W, 2005 WL 3263936, at *2–4 (D.Me.2005); *Cooper,* 2004 WL 2381515, at *4. Defendant has neither acknowledged these cases nor cited any case law in support of his argument that the GED's reasoning level merely relates to the educational level needed to perform a job and, thus, has no relation to the work demands of a job. *See generally* Motion at 3–4; *see also Battle,* 272 F.Supp.2d at 1357 (requiring Movant "to set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.") (internal citation and quotations omitted). Based on the foregoing, Defendant has failed to establish that the Court committed clear error in its March 30, 2002 Order. Accordingly, the Court declines to find that the extraordinary remedy of granting a motion for reconsideration is appropriate in the instant case.

In light of the foregoing, it is

**ORDERED:**

Defendant's Motion and Memorandum in Support of his Motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to Alter or Amend the Court's Judgment (Dkt. No. 26) is **DENIED.**