[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11494

_____

D.C. Docket No. 3:09-cv-10465-WGY-JBT

BARBARA REIDER,

Plaintiff - Appellant,

versus

PHILLIP MORRIS USA, INC., et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 15, 2015)

Before WILLIAM PRYOR and JORDAN, Circuit Judges, and ROSENTHAL,[*]
District Judge.

JORDAN, Circuit Judge:

_____

[*] Honorable Lee H. Rosenthal, United States District Judge for the Southern District of
Texas, sitting by designation.

We hold, for the reasons which follow, that a party's post-trial claim that a jury verdict is inconsistent does not preserve for appeal the separate and legally distinct claim that the verdict was the result of an unlawful jury compromise. We therefore affirm the zero damages verdict rendered by the jury in this action brought by Barbara Reider against Phillip Morris USA for her husband's tobacco-related death.[1]

## I

Based on the death of her husband, Richard, Ms. Reider asserted claims of fraudulent concealment, conspiracy, negligence, and strict liability against Phillip Morris under Florida law. She sought compensatory damages under Florida's Wrongful Death Act, Fla. Stat. §§ 768.16–768.26, which in relevant part allows a decedent's surviving spouse to recover for the "loss of the decedent's companionship and protection" and "mental pain and suffering from the date of injury." § 768.21(2).

## A

After a four-day trial, the jury found Phillip Morris comparatively liable for Mr. Reider's injuries and death, but awarded Ms. Reider no damages. Specifically, the jury found that: (1) Mr. Reider had been addicted to cigarettes containing nicotine; (2) Mr. Reider's "addiction to cigarettes containing nicotine

---

[1] We affirm, without discussion, the district court's decision not to excuse a juror for cause.

2

manufactured by Phillip Morris [was the] legal cause of his injuries and death"; (3) Mr. Reider was 95% liable for his injuries and Phillip Morris was 5% liable; (4) Mr. Reider did not detrimentally rely on Phillip Morris' representations that omitted or concealed material information about cigarettes' health effects or addictive nature; and (5) Ms. Reider sustained no damages resulting from her husband's injuries and death.

Upon receiving the verdict and before the district court excused the jury, Ms. Reider made two arguments to the district court. The first was that "the verdict [was] inconsistent with liability on questions one and two with the zero damage[s]." The second was that "the jury did not follow [the district court's] instructions that they should not reduce the damages by the apportionment of fault." Ms. Reider asked the district court to "send [the jury] back to re-deliberate purely on the amount of damages so we don't have to bring in a new jury in the event that we're right."

The district court denied Ms. Reider's request because it did not believe that the verdict was inconsistent or that one could assume from the verdict that the jury had reduced damages based on the apportionment of fault. As the district court viewed the trial evidence and the verdict, "[the jury] just didn't think that [Ms. Reider] ha[d] any damages." Ms. Reider agreed that "that's some way that [the verdict] could be looked at," but argued that the fact that "the damages [were not]

3

controverted in this case" made the verdict inconsistent. The district court disagreed, concluding that Ms. Reider's argument was "just speculation" because the jury "could have easily decided [Ms. Reider] didn't suffer any damages," and denied Ms. Reider's request to send the issue of damages back to the jury.

Ms. Reider then moved for a mistrial premised on the same argument. The district court orally denied the motion, and less than a week later entered a written order. Recognizing its duty under the Seventh Amendment to adopt a view of the case, if possible, which made the jury's answers consistent and representative of "a logical and probable decision on the relevant issues as submitted," the district court found that the verdict was not inconsistent. It explained again that the jury could have found that Ms. Reider sustained no damages, which was consistent with the evidence presented at trial. Ms. Reider did not petition the district court to reconsider its ruling, point out to the district court that it incorrectly addressed the motion on an inconsistent verdict ground as opposed to other grounds, or in any way raise a compromise verdict argument.

**B**

If, as Oscar Wilde said, "consistency is the last refuge of the unimaginative," Oscar Wilde, *The Relation of Dress to Art, A Note in Black and White on Mr. Whistler's Lecture*, PALL MALL GAZETTE (Feb. 28, 1885), Ms. Reider has chosen imagination over consistency. She has explicitly abandoned any inconsistent

4

verdict claim on appeal and now argues that she is entitled to a new trial because the verdict was the result of an unlawful compromise between jurors on the issues of liability and damages.

According to Ms. Reider, the jury impermissibly compromised by finding Phillip Morris liable in exchange for awarding no damages. Ms. Reider asserts that she preserved her compromise verdict claim, despite the fact that she never used the term "compromise verdict" in her post-trial objections to the district court. She says she "articulated the hallmarks of a compromise verdict" when arguing that "the zero damages finding was inconsistent with the determination of liability" and "that the verdict indicate[d] the jury disregarded the court's instructions." Appellant's Reply Br. at 4. Furthermore, Ms. Reider asserts that because an "inconsistent verdict is a type of compromise verdict," the district court should have been on notice that she was claiming that the verdict was the result of an unlawful compromise between members of the jury. *Id.* at 7.

## II

We normally review a district court's denial of a motion for a new trial based on a compromise verdict for abuse of discretion. *See Collins v. Marriott Int'l, Inc.*, 749 F.3d 951, 960 (11th Cir. 2014). But issues raised for the first time on appeal are generally forfeited "because the district court did not have the opportunity to consider them." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372,

1375 (11th Cir. 1999). *See also Ledford v. Peeples*, 657 F.3d 1222, 1258 (11th Cir. 2011) ("[E]xcept when we invoke the 'plain error doctrine,' which rarely applies in civil cases, we do not consider arguments raised for the first time on appeal."); *Electro Servs., Inc. v. Exide Corp.*, 847 F.2d 1524, 1530 (11th Cir. 1988) (stating that the "necessary implication" of the abuse of discretion standard "is that there can be no appellate review if the trial court was not given an opportunity to exercise its discretion on a motion for new trial") (internal citations and quotations marks omitted). Therefore, when an appellant replaces an argument it presented to the district court with "an entirely new theory on appeal," we "are unable to reach the merits" of that new theory. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1326-27 (11th Cir. 2004). *See also Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) ("An issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotations marks and citations omitted).

## III

In our view, Ms. Reider did not preserve a compromise verdict claim. She objected to the verdict on two grounds—that the finding of liability was inconsistent with a zero damages award, given the trial evidence, and that the jury had failed to follow the district court's instructions with regard to apportionment of

fault.   Simply stated, an inconsistent verdict claim is practically different, and legally distinct, from a compromise verdict claim.

## A

A verdict is inconsistent when there is "no rational, non-speculative way to reconcile . . . two essential jury findings." *Witt v. Norfe, Inc.*, 725 F.2d 1277, 1278 (11th Cir. 1984) (alteration in original; internal quotation marks and citation omitted). A district court "must make all reasonable efforts to reconcile an inconsistent jury verdict and if there is a view of the case which makes the jury's answers consistent, the court must adopt that view and enter judgment accordingly." *Burger King Corp. v. Mason*, 710 F.2d 1480, 1489 (11th Cir. 1983). *See also Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 364, 825 S.Ct. 780, 786 (1962) ("Where there is a view of the case that makes the jury's answers to special interrogatories consistent, they must be resolved that way."); *Aquachem Co. v. Olin Corp.*, 699 F.2d 516, 521 (11th Cir. 1983) ("[T]he Seventh Amendment demands that, if there is a view of the case which makes the jury's answers consistent, this Court must adopt that view.") (internal quotation marks and citations omitted). To determine whether a conflict in the verdict can be reconciled, a district court must ask whether the jury's answers could reflect "a logical and probable decision on the relevant issues . . .  submitted." *Burger King*, 710 F.2d at 1489 (citing *Griffin v. Matherne*, 471 F.2d 911, 915 (5th Cir. 1973)).

If a jury's verdict cannot be reconciled and the jury's answers to the written questions are inconsistent with each other or the verdict, the district court has the discretion to direct the jury to further consider its answers and verdict, or order a new trial. *See* Fed. R. Civ. P. 49(b)(3)–(4); *Burger King*, 710 F.2d at 1489. "[T]his discretion must be exercised in light of the circumstances under which the inconsistency arises." *Phillips Chem. Co. v. Hulbert*, 301 F.2d 747, 751 (5th Cir. 1962). It is often preferable for a district court to direct the jury to reconsider its verdict in an attempt to eliminate the inconsistency in order to avoid a new trial. *See Coralluzzo v. Educ. Mgmt. Corp.*, 86 F.3d 185, 186 (11th Cir. 1996). In some instances, however, the district court may find that a new trial is required. *See Hulbert*, 301 F.2d at 751 (noting that it may be improper to return to the jury for further deliberations where the district court has reason to believe that the inconsistency in the verdict was the result of bias or fundamental lack of comprehension).

A party must object to a verdict as inconsistent before the jury has been dismissed. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1419–20 (11th Cir. 2011). *See also Coralluzzo*, 86 F.3d at 186 ("[C]hallenges to the inconsistency of special verdicts must be raised before the jury is excused."). Indeed, failure to object to an inconsistent verdict before the jury is excused forfeits the objection. *See Mason v. Ford Motor Co.*, 307 F.3d 1271, 1275–76 (11th Cir. 2002) ("[The

8

defendant's] failure to raise its objection before the jury was discharged waived the right to contest the verdicts on the basis of alleged inconsistency."). "The reason for this particular raise-it-or-lose-it rule is that if the inconsistency is raised before the jury is discharged, the jury can be sent back for further deliberations to resolve the inconsistency in its verdict or interrogatory answers," but once the jury is gone "that is not possible." *Pensacola Motors Sales, Inc. v. E. Shore Toyota*, *LLC*, 684 F.3d 1211, 1225 (11th Cir. 2012).

**B**

In contrast, a compromise verdict results from the jurors' impermissible attempt to "resolve their inability to make a determination with any certainty or unanimity on the issue of liability by finding inadequate damages." *Collins*, 749 F.3d at 960 (quoting *Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs*, 711 F.2d 1510, 1513 (11th Cir. 1983)). *See also Burger King*, 710 F.2d at 1486–87 ("A compromise verdict is one where it is obvious that the jury compromised the issue of liability by awarding inadequate damages.") (internal quotation marks and citations omitted). Insufficient damages alone, however, do not establish a compromise verdict. *See Collins*, 749 F.3d at 960. Generally, there must be additional evidence, such as highly contested liability, evidence of prior deadlock, or some inconsistency in the verdict for a court to conclude that the deficient damages resulted from an unlawful compromise. *See id.* Given that Rule 606(b)(1)

9

of the Federal Rules of Evidence generally prohibits courts from inquiring into the jury's deliberative process, courts try to ascertain whether a verdict was compromised by looking at the totality of the circumstances. *See Burger King*, 710 F.2d at 1487 (providing that courts must examine the totality of the circumstances surrounding the verdict, including "any indicia of compromise apparent from the record and other factors which may have caused the jury to return a verdict for inadequate damages") (citation omitted).

A party claiming that the jury rendered a compromise verdict must object to the verdict in a motion for a new trial "no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b). Failure to raise the claim in a motion for a new trial results in forfeiture, because the circuit court then has no basis to review the district court's exercise of discretion. *See Electro Serv.*, 847 F.2d at 1530. If the district court, in exercising its discretion, finds that a jury verdict was compromised, the remedy is to award a new trial as to both liability and damages. *See Collins*, 749 F.3d at 962 ("[A] jury verdict influenced by an improper compromise cannot stand and a complete new trial is required because liability and damages are inseparable.") (internal quotation marks and citation omitted).

## C

"[I]n the heat of a trial," counsel need not set forth the basis of his argument "thoroughly," but he must say enough to "put[ ] the court on notice as to his

concern" and preserve the issue on appeal. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 174, 109 S.Ct. 439, 452 (1988). *See also United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (in order to preserve a claim for appeal, a litigant must "adequately convey[ ] the nature of [the] objection").  Here, Ms. Reider did not put the district court on notice that she was objecting on compromise verdict grounds. The district court reasonably (and correctly, we think) interpreted her objection as an inconsistent verdict claim. Although we do not require that a litigant vocalize an objection "with polished lucidity," or utter certain magic words, *see Indus. Dev. Bd. Town of Section, Ala. v. Fuqua Indus., Inc.*, 523 F.2d 1226, 1238 (5th Cir. 1975), Ms. Reider did not do enough here.

First, Ms. Reider specifically argued that "the verdict [was] inconsistent with liability on questions one and two with the zero damage[s]." In Ms. Reider's words, the verdict was "inconsistent, fundamentally inconsistent." Even if this argument may have the tinge of a compromise verdict objection, it is explicitly an inconsistent verdict objection.

Second, the initial remedy Ms. Reider requested from the district court—that the jury be sent back for further deliberations on damages—though permissible when the verdict is inconsistent, is unavailable where a verdict is the a result of an unlawful compromise. The remedy for a compromise verdict, as we have explained, is a new trial on liability and damages. Having the jury deliberate

11

further would have been inappropriate had Ms. Reider been claiming that the verdict was based on an impermissible compromise. Even if, as Ms. Reider contends, all unlawful compromise verdicts are also inconsistent verdicts, not all inconsistent verdicts are compromise verdicts. Her argument did not suffice to put the district court on notice that she was raising a compromise verdict claim.

Third, the district court—both orally before dismissing the jury and later in a written order—expressly described Ms. Reider's objection and motion for a new trial as being based on the ground that the verdict was inconsistent. In *Rainey*, cited by Ms. Reider, the Supreme Court noted that "the judge's response [to an ambiguous objection] suggest[ed] that he perceived . . . [counsel's] argument." 488 U.S. at 174, 109 S.Ct. at 452. That was not the case here.  The district court was not under the impression that Ms. Reider was claiming that the verdict was the result of an unlawful compromise.

Finally, had she been making a compromise verdict objection, Ms. Reider had ample time to correct the district court's misunderstanding that she was raising only an inconsistent verdict claim. She could have filed a motion for reconsideration when the district court issued its written order, or she could have filed a separate motion for a new trial.  She did neither, and her compromise verdict claim is therefore forfeited. *See United States v. Kennedy*, 714 F.3d 951,

12

959 (6th Cir. 2013) (compromise verdict claim, made for the first time on appeal, was forfeited).[2]

## V

We affirm the district court's order denying Ms. Reider's motion for a new trial, as well as the final judgment entered on the jury's verdict.

**AFFIRMED.**

---

[2] We "recognize that [our] power to entertain an argument raised for the first time on appeal is not a jurisdictional one," and that we could entertain Ms. Reider's compromise verdict argument here, if we chose to do so. *See Access Now*, 385 F.3d at 1332. But this is not one of those cases that warrant deviation from our normal practice. *See id.* (describing circumstances under which it is appropriate to consider an argument first raised on appeal).