[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13477
_____

D.C. Docket No. 9:14-cv-80374-JIC


PHARMA SUPPLY, INC.,
a Florida corporation,

                                        Plaintiff - Counter Defendant - Appellant
                                        Cross Appellee,

versus

MITCHELL A. STEIN,

                                        Defendant - Counter Claimant - Third
                                        Party Plaintiff - Third Party Counter
                                        Defendant - Appellee
                                        Cross Appellant,

STEIN LAW P.C.,

                                        Defendant - Counter Claimant -
                                        Third Party Plaintiff - Appellee
                                        Cross Appellant,

versus

FRANK SUESS, et al.,

Third Party Defendants - Appellees,

JAMES P. SCHOOLEY,

Third Party Defendant - Third Party
Counter Claimant - Appellant
Cross Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 16, 2016)

Before JORDAN and JILL PRYOR, Circuit Judges, and COOGLER,[*] District
Judge.

PER CURIAM:

Following oral argument and a review of the record, we reject the arguments
advanced by the parties and affirm in all respects.  Because we write for the
parties, we set out only what is necessary to explain our decision.[1]

1.      The Pharma parties argue that the district court erred in striking their
expert witness due to late disclosure of his report, but they did not include all the
trial transcripts in the record and they do not explain in their brief what the expert's
testimony would have been or why the exclusion was prejudicial.  As a result, no

_____

[*] Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama,
sitting by designation.

[1] As to issues not specifically addressed, we affirm without discussion.

2

reversible error has been shown. *See Palmer v. Hoffman*, 318 U.S. 109, 116 (1943); 28 U.S.C. § 2111; Fed. R. Civ. P. 61.

2.     The Pharma parties assert that the district court erred in refusing to disqualify Slenn, one of the attorneys for Stein.  They fail, though, to address the district court's reliance on *Farrington v. Sessions, Fishman, Boisfontaine, Nathan, Winn, Butler & Barkley*, 687 So.2d 997, 1000–02 (La. 1997), and as a result, they have abandoned any challenge to that basis for the ruling.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680–81 (11th Cir. 2014).

3.     Schooley contends that the jury verdict in his favor on the breach of contract claim against Stein was inconsistent with its failure to award any damages. Schooley, however, did not object to the verdict being inconsistent before the jury retired, so his claim is forfeited and cannot be reviewed on appeal.  *See, e.g.*, *Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1259 (11th Cir. 2015) (citing cases).

4.     The Stein parties argue that the jury's rejection of their breach of contract and unjust enrichment claims was against the weight of the evidence. Reviewing for abuse of discretion, *see, e.g.*, *Bergeron v. Cent. Freight Lines, Inc.*, 504 F.2d 889, 890 (5th Cir. 1974), we find no reversible error in the district court's denial of the motion for a new trial.  The Stein parties did not include all of the trial transcripts in the record, and without all of the testimony presented at trial we

cannot engage in a review of the evidence.  *See Borden, Inc. v. Florida E. Coast Ry. Co.*, 772 F.2d 750, 758 (11th Cir. 1985); Fed. R. App. P. 10(b)(2).

5.      The Stein parties say that the jury's malpractice and breach of contract verdicts were the result of an impermissible compromise.  But they failed to properly raise a compromise verdict objection in their post-trial motion and therefore forfeited it.  *See Reider*, 793 F.3d at 1260–61.

**AFFIRMED**.[2]

---

[2] We commend the district court for its handling of the case, particularly given the challenges posed by the number of issues and how the parties and their counsel chose to litigate them.