[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10295

Non-Argument Calendar

_____

AJ O'LAUGHLIN,

Plaintiff-Appellant,

CRYSTAL LITTLE,

Plaintiff,

*versus*

PALM BEACH COUNTY,
a political Subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:19-cv-80701-WPD

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

AJ O'Laughlin, a former Palm Beach County Fire Rescue captain, was disciplined by the County's Fire Rescue Department for Facebook posts that violated its Social Media Policy. O'Laughlin sued, alleging that the County violated his First Amendment rights. The district court granted the County's motion for summary judgment, which we vacated in part. *O'Laughlin v. Palm Beach Cnty.*, 30 F.4th 1045, 1055 (11th Cir. 2022). On remand, the case proceeded to trial on the surviving as-applied free speech and facial overbreadth claims. A jury found that although O'Laughlin did not knowingly post false statements, he recklessly disregarded the truth of his Facebook posts. Final judgment was entered on behalf of the County.

O'Laughlin moved for judgment notwithstanding the verdict and a new trial arguing that his Facebook posts were true and that the jury verdict was inconsistent. The district court denied the motions because there was sufficient evidence to support the jury's finding. The court further concluded that O'Laughlin waived the

inconsistent-verdict claim by failing to object before the jury was excused and that the jury's verdict was not inconsistent.

On appeal, O'Laughlin argues that the district court erred in denying his motions for judgment notwithstanding the verdict or for a new trial because: (1) O'Laughlin's Facebook post was true, not reckless; and (2) he did not waive his objection to the jury's allegedly inconsistent verdict. After careful review, we affirm.

**I**

We review the denial of a motion for new trial under Federal Rule of Civil Procedure 59 for an abuse of discretion. *McBride v. Carnival Corp.*, 102 F.4th 1194, 1201 (11th Cir. 2024).[1] A party may move for a new trial on the grounds that the verdict is against the weight of the evidence, that the damages are excessive, or that the trial was not fair. *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1254 (11th Cir. 2016). A motion for a new trial based on evidentiary grounds should be granted only if the verdict is against the clear weight of the evidence or will result in a

---

[1] O'Laughlin also seeks review for the district court's denial of his motion for judgment notwithstanding the verdict under Federal Rule of Civil Procedure 50(b), but we decline to do so. The district court determined that this avenue for relief was foreclosed because O'Laughlin failed to move for judgment as a matter of law before the case was submitted to the jury. *See, e.g., Crawford v. Andrew Sys., Inc.*, 39 F.3d 1151, 1154 (11th Cir. 1994). O'Laughlin does not challenge the district court's ruling on appeal, so it is abandoned. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

4                    Opinion of the Court                24-10295

miscarriage of justice.  *Chmielewski v. City of St. Pete Beach*, 890 F.3d 942, 948–49 (11th Cir. 2018).

O'Laughlin contends that because his Facebook post was true, there was no evidence to support the jury's finding that he recklessly disregarded the truth.[2]  O'Laughlin asserts that when he posted that Captain Newsome "took" union-time-pool leave for the holidays, he simply meant that the time was applied for and not actually utilized.  O'Laughlin's post included screenshots depicting that the requested time off was requested, granted, and subsequently cancelled.

We are unconvinced that the jury verdict was against the great weight of the evidence.  The jury was presented with two conflicting theories of the case:  O'Laughlin argued that because Newsome applied for and received union leave for a period that included the holidays, his post was truthful.  The County contended that O'Laughlin falsely accused Newsome of taking union leave even though Newsome cancelled the leave before it was taken.  Thus, the County argued, O'Laughlin either knew his

---

[2] O'Laughlin also asserts that the district court plainly erred in adding a reckless-disregard jury instruction to the verdict form.  Br. of Appellant at 10–11. But his argument in that respect is so "passing" that we conclude he has abandoned it.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("Abandonment of a claim or issue can also occur when the passing references to it are made in the 'statement of the case' or 'summary of the argument,' as occurred here.").  Therefore, we decline to review the district court's conclusion that the success of O'Laughlin's First Amendment retaliation claim turns on whether his posts were knowingly or recklessly false statements.  *See* Br. of Appellee at 3.

statements were false, or recklessly disregarded the truth of his statements.

At trial, the jury considered evidence and testimony presented by an array of witnesses. The jury could reach its own conclusions about witness credibility and how to weigh conflicting evidence. We conclude that the jury was within its right to determine that the County's theory was more persuasive than O'Laughlin's based on the evidence introduced at trial. The record shows that O'Laughlin's testimony was at times confusing and often contradictory, thus diminishing his credibility. For example, O'Laughlin testified on direct examination that he did nothing to verify the truth of his social media posts. Additionally, O'Laughlin admitted that at the time he made his posts in February 2019 he was aware that Newsome cancelled his requested time off in November 2018 before it was taken. And the jury saw O'Laughlin's Facebook posts where he claimed that Newsome has committed "theft."

Therefore, the jury verdict was not against the great weight of the evidence.

## II

We review whether a party waives review of an allegedly inconsistent jury verdict under Federal Rule of Civil Procedure 49(b) for an abuse of discretion. *Wilbur v. Corr. Servs. Corp.*, 393 F.3d 1192, 1199 (11th Cir. 2004). A district court abuses its discretion when it "commits a clear error of judgment, fails to follow the proper legal standard or process for making a determination, or relies on clearly erroneous findings of fact." *Yellow Pages Photos, Inc.*

6                    Opinion of the Court                    24-10295

*v. Ziplocal, LP*, 846 F.3d 1159, 1163 (11th Cir. 2017).  A party must object to a verdict as inconsistent before the jury has been dismissed; otherwise, the objection is forfeited.  *Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1259 (11th Cir. 2015).  The purpose of the raise-it-or-lose-it rule is that "if the inconsistency is raised before the jury is discharged, the jury can be sent back for further deliberations to resolve the inconsistency. . . ."  *Id.* at 1259–60 (quotation marks and citation omitted).

O'Laughlin asserts that while he did not object to the jury's finding before the jury was dismissed, he did not waive his right to object at a later time because the jury verdict was a special verdict.  Although the failure to contest a general verdict's finding can be waived, O'Laughlin claims, the failure to contest a special verdict before a jury is excused does not waive a party's subsequent objection.

O'Laughlin's argument is foreclosed by this Circuit's precedent.  *Coralluzzo v. Educ. Mgmt. Corp.*, 86 F.3d 185, 186 (11th Cir. 1996) ("[C]hallenges to the inconsistency of special verdicts must be raised before the jury is excused.").  O'Laughlin's sole response—that the jury verdict was without any evidentiary support—does not address this waiver issue.[3]

---

[3] In his reply brief, O'Laughlin raises the argument that fundamental error cannot be waived.  "[I]ssues not raised in the initial brief on appeal are deemed abandoned."  *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (citing *United States v. Levy*, 379 F.3d 1241, 1242–45 (11th Cir. 2004) (collecting cases)).  Moreover, and in any event, O'Laughlin failed to show that the district court erred in following this Court's law when it determined that his failure to object

In any event, we agree with the district court that the verdict was not inconsistent.  "A verdict is inconsistent . . . when there is no rational, non-speculative way to reconcile two essential jury findings." *McBride*, 102 F.4th at 1205 (quotation marks and citation omitted).  Here, the jury was presented with a two-question verdict, asking whether it found by a preponderance of the evidence "(1) [t]hat Plaintiff, AJ O'Laughlin, knowingly posted false statements in his Make the Union Great Again Facebook page" and if not, whether "(2) . . . Plaintiff, AJ O'Laughlin, recklessly disregarded the truth of the posts made on his Make the Union Great Again Facebook page."  The jury answered "No" to the first question and "Yes" to the second.

The jury was permitted to find that although O'Laughlin did not *knowingly* post false statements, he nonetheless recklessly disregarded the truth of those statements.  There is no alleged inconsistency between these two jury findings because they capture different states of mind.

The judgment below is **AFFIRMED**.

---

to an allegedly inconsistent jury verdict before they were excused forfeited the objection.