[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12093

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANGEL RUBEN HERNANDEZ, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00169-RBD-DCI-1

_____

Before ROSENBAUM, NEWSOM, AND ABUDU, Circuit Judges.

PER CURIAM:

Angel Ruben Hernandez, Jr., appeals his conviction following his plea of guilty to three counts of "failure to record firearms purchaser." 18 U.S.C. §§ 922(b)(5), 924(a)(1)(D). In the district court, Hernandez moved to withdraw his guilty plea. The district court denied his motion. Now, Hernandez challenges the denial on the ground that "it would be a manifest injustice to not allow [his] plea to be withdrawn." Because Hernandez has abandoned this argument, we affirm.[1]

Hernandez's sole theory on appeal differs completely from the one that he presented in the district court. There, he argued that he should be allowed to withdraw his plea because his attorney had coerced him into pleading guilty and because his plea was not knowing or voluntary. Now, on appeal, he has abandoned that theory, arguing instead that denial of his plea withdrawal would result in "manifest injustice" for reasons unrelated to coercion or the voluntariness of his plea. "[W]hen an appellant replaces an argument it presented to the district court with 'an entirely new theory on appeal,' we 'are unable to reach the merits' of that new theory." *Reider v. Philip Morris USA, Inc.*, 793 F.3d 1254, 1258 (11th Cir. 2015) (quoting *Access Now, Inc. v. Sw. Airlines Co.,* 385 F.3d 1324, 1326–27

---

[1] When reviewing a district court's denial of a motion to withdraw a guilty plea, we reverse only when the denial constitutes an abuse of discretion. *United States v. McCarty*, 99 F.3d 383, 385 (11th Cir. 1996).

24-12093　　　　　　　Opinion of the Court　　　　　　　3

(11th Cir. 2004)).  Accordingly, we are unable to reach the merits of Hernandez's new "manifest injustice" theory.

Because Hernandez has abandoned his sole argument, we **AFFIRM** his conviction.